***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission Vacates the Opinion and Award of Deputy Commissioner Glenn.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The employee was diagnosed with asbestos-related diseases on February 14, 1998, and with colon cancer on September 3, 1998.
2. The employee died on September 25, 1998. His Certificate of Death indicates that he died as a result of adult respiratory distress syndrome and nosocomial aspiration pneumonitis.
3. On September 22, 1999, Dr. Arthur Frank notified plaintiff's counsel in writing that plaintiff suffered from asbestosis and colon cancer due to occupational exposure to asbestos.
4. Plaintiff initiated the subject claim by filing a Form 18B, dated March 3, 2000, claiming injury and death resulting from exposure to asbestos. The employer listed on the Form 18B was Broyhill Furniture Industries, Inc. ("Broyhill"). Drexel Heritage Furnishings, Inc. ("Drexel") was not listed on the Form 18B. The Form 18B also listed the medical conditions of asbestosis and colon cancer as the medical conditions for the subject action based on the findings of Dr. Arthur Frank.
5. The competent evidence in the record establishes that when the plaintiff initially filed her claim she believed there was exposure at Broyhill. Subsequent to the filing of the claim, it became abundantly clear that exposure at Broyhill was questionable. At that point, plaintiff was sure of some exposure at Drexel.
6. In discovery responses dated December 2000, plaintiff cited the deceased employee's exposure to asbestos at Drexel.
7. Consequently, on February 25, 2002, plaintiff filed a Motion to Add Additional Parties to the previously filed workers' compensation claim. On March 4, 2002, Executive Secretary Tracey H. Weaver added "Drexel Furniture Enterprises, Inc." and its respective workers' compensation carriers" as parties to the claim.
8. Drexel denied the claim with a Form 61 in August 2002.
9. The Full Commission finds that it is common practice at the Industrial Commission to allow both plaintiffs and defendants to add additional parties. This exists oftentimes in complex asbestosis cases because of the myriad of issues often associated with the lengthy period between the possible exposure and the diagnosis date and also due to the difficulties in ascertaining insurance coverage for past employments.
10. Notwithstanding the fact that the plaintiff filed her motion to add Drexel Heritage Furnishings on February 25, 2002, the Full Commission finds that because asbestosis cases are complex cases often involving difficult issues, which often take a long time to obtain relevant and necessary information to prosecute and to defend, and due to the common practice of adding parties at the Industrial Commission, the plaintiff's Motion to Add Drexel Heritage Furnishings as an additional party in this asbestosis claim should be granted.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The March 2, 2002 Order to Add Additional Parties was properly granted. Rule 609 of the Workers' Compensation Rules of the North Carolina Industrial Commission.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The Order dismissing the plaintiff's claim against Drexel is HEREBY VACATED.
2. Each side shall pay its own costs.
 ORDER
Based upon the foregoing Findings of Fact and Conclusion of Law, it is THEREFORE ORDERED that Defendant Drexel's Motion to Dismiss this claim is HEREBY DENIED and that Drexel Heritage Furnishings, Inc. and its workers' compensation carriers, Liberty Mutual Insurance Company and Travelers Insurance Company are hereby added as party defendants to this claim.
This the ___ day of June 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER